**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

```
JAMES L. BROOKS,                )
                                )
                 Plaintiff,     )    CIVIL ACTION
                                )
v.                              )    No.  10-2452-MLB
                                )
10th CIRCUIT COURT              )
OF APPEALS, et al.,             )
                                )
                 Defendants.    )
                                )
```

**MEMORANDUM AND ORDER**

This case comes before the court on the following motions:

1. Defendant Alandon Tow Company's motion to dismiss (Doc. 15)[1];

2. Defendant Mark Roberts motion to dismiss (Doc. 18) and memorandum in support (Doc. 19), plaintiff's response (Doc. 33) and Roberts' reply (Doc. 39);

3. United States' defendants motion to dismiss (Doc. 20) and memorandum in support (Doc. 21), plaintiff's response (Doc. 34) and the United States' reply (Doc. 41).

4. Defendant Jeffrey Leiker motion to dismiss (Doc. 24) and memorandum in response (Doc. 25) and plaintiff's response (Doc. 35);

5. Wyandotte County defendants' motion to dismiss (Doc. 27) and memorandum in support (Doc. 28), plaintiff's response (Doc. 36) and defendants' reply (Doc. 40); and

---

[1] Plaintiff did not file a response to this motion. Alandon's motion is therefore considered an uncontested motion pursuant to D. Kan. R. 7.4. The record clearly reflects plaintiff's understanding that he is to timely file a response to a motion to dismiss.

6. State of Kansas defendants' motion to dismiss (Doc. 30) and memorandum in support (Doc. 31), plaintiff's response (Doc. 37) and state defendants' reply (Doc. 38).

**I. Facts**

Plaintiff, appearing pro se, filed a complaint in Johnson County District Court which spans more than 90 pages, not counting exhibits. The complaint states claims against both state and federal judges, and others. The complaint is very difficult to read and, for the most part, incomprehensible. The case was removed to this court by defendant the Tenth Circuit Court of Appeals. All defendants have moved for dismissal. Because the court has determined that a ruling on the pending motions to dismiss do not necessitate the citation of the facts, it will not do so.

**II. Motion to Dismiss Standards: FRCP 12(b)(6)**

The standards this court must utilize upon a motion to dismiss are well known. To withstand a motion to dismiss for failure to state a claim, a complaint must contain enough allegations of fact to state a claim to relief that is plausible on its face. Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007)). All well-pleaded facts and the reasonable inferences derived from those facts are viewed in the light most favorable to plaintiff. Archuleta v. Wagner, 523 F.3d 1278, 1283 (10th Cir. 2008). Conclusory allegations, however, have no bearing upon this court's consideration. Shero v. City of Grove, Okla., 510 F.3d 1196, 1200 (10th Cir. 2007). In the end, the issue is not whether plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claims.

Beedle v. Wilson, 422 F.3d 1059, 1063 (10th Cir. 2005).

**III. Analysis**

    **A.    Insufficient Service of Process**

First, defendant Alandon asserts that plaintiff has not properly served it. (Doc. 15). Plaintiff did not respond to Alandon's motion. The record reflects that UPS delivered a package to Alandon Tow Company. However, there is no address noted for the company. Therefore, service was not effected as required by K.S.A. 60-303. See K.S.A. 60-303(c)(1) ("Service of process by return receipt delivery shall include service effected by certified mail, priority mail, commercial courier service, overnight delivery service, or other reliable personal delivery service to the party addressed, in each instance evidenced by a written or electronic receipt showing to whom delivered, date of delivery, **address where delivered**, and person or entity effecting delivery.")(emphasis supplied).

Alandon's motion is therefore granted. (Doc. 15).

Jeffrey Leiker also moves to dismiss on the basis of insufficient service of process. The return receipt shows that plaintiff addressed the summons to "Baker Law Office, Sean Baker" and that it was received by a person named "Cuevas." This does not satisfy section 60-303(c)(1) which requires personal delivery service to the party addressed. Plaintiff asserts that service has been effected because section 60-203(c) states that the "filing of an entry of appearance shall have the same effect as service [of process]." Leiker, however, did not enter an appearance in this case. The only filing by Leiker has been to move for dismissal. Knowledge of an action is not a

substitute for service. Cook v. Cook, 32 Kan. App.2d 214, 220-22, 83 P.3d 1243 (2003). If plaintiff's position were correct, than it would be meaningless for a party to ever assert sufficiency of process as a defense.

Leiker's motion to dismiss is accordingly granted. (Doc. 24).

**B.   Immunity**

**1.   Judicial Immunity**

Plaintiff has alleged claims against the following judges and justices: The Tenth Circuit Court of Appeals; United States District Judge Kathryn Vratil; United States Magistrate Judges James O'Hara and David Waxse; the Kansas Supreme Court; the Kansas Court of Appeals; Wyandotte County Judges John McNally, Constance Alvey, Robert Serra, Jan Way, Charles Ball, Robert Burns, R. Wayne Lampson and Daniel Duncan; Johnson County Judges James Vano, Thomas Sutherland and Stephen Tatum. All judges and justices have moved for dismissal on the basis of judicial immunity.

The Supreme Court of the United States has long held that judges are generally immune from suits for money damages. Mireles v. Waco, 502 U.S. 9, 9-10, 112 S. Ct. 286 (1991). There are only two exceptions to this rule: (1) when the act is "not taken in [the judge's] judicial capacity;" or (2) when the act, "though judicial in nature, [is] taken in the complete absence of all jurisdiction." Id. at 12. Regarding the second exception, an act taken in excess of a court's jurisdiction is not to be confused with an act taken in the "complete absence of all jurisdiction." As Bradley v. Fisher, 80 U.S. 335, 351-52 (1871), explained:

Where there is clearly no jurisdiction over the

-4-

> subject-matter any authority exercised is a
> usurped authority, and for the exercise of such
> authority, when the want of jurisdiction is known
> to the judge, no excuse is permissible. But where
> jurisdiction over the subject-matter is invested
> by law in the judge, or in the court which he
> holds, the manner and extent in which the
> jurisdiction shall be exercised are generally as
> much questions for his determination as any other
> questions involved in the case, although upon the
> correctness of his determination in these
> particulars the validity of his judgments may
> depend.

To illustrate this distinction, the Supreme Court has stated:

> [I]f a probate judge, with jurisdiction over only
> wills and estates, should try a criminal case, he
> would be acting in the clear absence of
> jurisdiction and would not be immune from
> liability for his action; on the other hand, if
> a judge of a criminal court should convict a
> defendant of a nonexistent crime, he would merely
> be acting in excess of his jurisdiction and would
> be immune.

Stump v. Sparkman, 435 U.S. 349, 357 n.7, 98 S. Ct. 1099 (1978) (citing Bradley, 80 U.S. at 352).

None of the allegations surrounding the judicial defendants assert that they were acting without authority under Kansas or federal law. It is clear that all judicial defendants were acting within their jurisdiction as presiding judges over plaintiff's past cases. The judicial defendants' actions, as alleged by plaintiff, are therefore within the scope of absolute judicial immunity, and they cannot be liable because of this immunity.

**2. Prosecutorial Immunity**

Wyandotte County District Attorney Jerome Gorman and Assistant District Attorneys Sean Baker and D. Paul Theroff move for dismissal on the basis of prosecutorial immunity. Prosecutors are absolutely immune from civil liability for damages for "acts undertaken by a

prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of [their roles] as an advocate for the State." Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993). One such protected act is the decision to prosecute. Stein v. Disciplinary Bd. of Supreme Court of NM, 520 F.3d 1183, 1193 (10th Cir. 2008).

The entitlement to absolute immunity hinges on "the nature of the function performed" by the prosecutor. Kalina v. Fletcher, 522 U.S. 118, 127 (1997). Actions taken by a prosecutor in his role as an advocate fall within the ambit of absolute immunity, while actions taken in an investigative or administrative role are entitled only to qualified immunity. Buckley, 509 U.S. 259, 273-74 (1993). "In drawing this distinction, [courts] are guided by the following principle: The more distant a function is from the judicial process and the initiation and presentation of the state's case, the less likely it is that absolute immunity will attach." Scott v. Hern, 216 F.3d 897, 908 (10th Cir. 2000) (internal quotations and citations omitted).

The allegations against these prosecutors stem from their roles in prosecuting plaintiff in a state criminal action. Therefore, they are entitled to absolute immunity.

**3. Sovereign Immunity**

Plaintiff's complaint also appears to state some sort of claim against the FBI for conspiring with federal judges in the prosecution of an individual named Adis Stults. The United States is immune from suit under the doctrine of sovereign immunity. The FBI, a federal agency, is also immune from suit. Lanter v. Dep't. of Justice, No.

-6-

93-6308, 1994 WL 75876, *1 (10th Cir. Mar. 8, 1994)(citing <u>Ascot Dinner Theater, Ltd. v. Small Business Admin.</u>, 887 F.2d 1024, 1031 (10th Cir. 1989)). Therefore, the FBI's motion to dismiss is granted.

**4. Conclusion**

The federal defendants' motion to dismiss is granted. (Doc. 20). The Kansas defendants' motion to dismiss is also granted. (Doc. 30).

**C. Statute of Limitations**

Defendant Mark Roberts moves to dismiss plaintiff's claims against him on the basis that they are barred by the statute of limitations. (Doc. 18). Roberts is a psychologist who testified in plaintiff's 2005 criminal trial. Plaintiff alleges that Roberts' testimony was fabricated. Plaintiff's allegations pertaining to Roberts appear in a section entitled "False arrest, false prosecution, false imprisonment." (Complaint at 48). K.S.A. 60-514 states that the statute of limitations for these claims is one year. Plaintiff responds that he is not stating those claims against Roberts but rather has alleged that Roberts committed judicial fraud. Plaintiff then asserts that there is no statute of limitations for judicial fraud and cites to K.S.A. 60-260.

Section 60-260, however, applies to motions for relief from judgment. It is not a statute of limitations provision for fraud claims. K.S.A. 60-513 provides that the statute of limitations for fraud is two years, "but the cause of action shall not be deemed to have accrued until the fraud is discovered." Plaintiff's allegations clearly support the conclusion that plaintiff believed that Roberts' testimony was false at the time it was given. Therefore, the fraud was discovered in 2005 and plaintiff's claim is barred by the statute

-7-

of limitations.

Roberts' motion to dismiss is granted. (Doc. 18).

**D. Notice**

The Unified Government of Wyandotte County and its employees (the Unified Government defendants) move to dismiss the claims against them on the basis that plaintiff failed to provide notice of his claims under the Kansas Tort Claims Act as required by K.S.A. 12-105(b). (Doc. 27). Plaintiff does not dispute that he failed to provide notice to the Unified Government. Plaintiff merely argues that his claims are not brought under the Kansas Tort Claims Act. Section 12-105b(d) provides, in relevant part: "Any person having a claim against a municipality which could give rise to an action brought under the Kansas tort claims act shall file a written notice as provided in this subsection before commencing such action."

The purpose of the notice requirement is to sufficiently advise the municipality of the time and place of the injury and give it an opportunity to ascertain the character and extent of the injury sustained. See Bradford v. Mahan, 219 Kan. 450, 457, 548 P.2d 1223, 1230 (1976). "The notice requirements in K.S.A. § 12-105b(d) are mandatory and a condition precedent to bringing a tort claim against a municipality." Miller v. Brungardt, 916 F. Supp. 1096, 1098 (D. Kan. 1996).

Plaintiff has raised state law claims against the city and their employees acting within the scope of their employment. These claims are covered by section 12-105b(d)'s notice requirement. Phillips v. Humble, 587 F.3d 1267, 1272-73 (10th Cir. 2009)(citing Knorp v. Albert, 29 Kan. App.2d 509, 28 P.3d 1024, 1028 (2001) (holding that

state notice statute "applies to both municipal entities and employees of municipal entities acting within the scope of their employment"); King v. Pimentel, 20 Kan. App.2d 579, 890 P.2d 1217, 1225 (1995) (explaining that § 12-105b(d)'s notice requirement applies to municipal employees acting within the scope of their employment "[b]ecause a municipality faces significant liability" whether an action is "brought against it [or] against its employees")).

The Unified Government defendants' motion to dismiss is granted. (Doc. 27).

**IV. Conclusion**

All defendants' motions to dismiss are granted, with prejudice. (Docs. 15, 18, 20, 24, 27, 30).

A motion for reconsideration of this order pursuant to this court's Rule 7.3 is not encouraged. The standards governing motions to reconsider are well established. Comeau v. Rupp, 810 F. Supp. 1172 (D. Kan. 1992). Any such motion shall not exceed three pages and shall strictly comply with the standards enunciated by this court in Comeau v. Rupp. If a motion is filed and does not comply with these standards it will be stricken. Any responses to any motion for reconsideration shall not exceed three pages. No reply or replies shall be filed.

IT IS SO ORDERED.

Dated this __28th__ day of September 2010, at Wichita, Kansas.

s/ Monti Belot
Monti L. Belot
UNITED STATES DISTRICT JUDGE
